**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6644

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WADE COATS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:09-cr-00333-RDB-2)

Submitted:  December 15, 2022                    Decided:  December 20, 2022

Before GREGORY, Chief Judge, and WILKINSON and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Wade Coats, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wade Coats seeks to appeal the district court's order denying in part his 28 U.S.C. § 2255 motion to vacate. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its final order on May 29, 2020. Coats filed the notice of appeal on May 24, 2022.[*] Because Coats failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We also deny Coats' motion for appointment of counsel.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Coats could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2